**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ROSE MARIE MEDINA,

        Plaintiff,

v.                                                                    No. CIV 06-0669 BB/ACT

THE McGRAW-HILL COMPANIES, INC.
LONG TERM DISABILITY PLAN,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court pursuant to Plaintiff's motion (Doc. 21) to order the addition of exhibits to the administrative record that has been filed in this case. The Court, having carefully considered the submissions of the parties and the applicable law, will grant the motion as discussed below.

This is an ERISA[1] case in which Plaintiff is challenging the denial of long-term disability benefits under her former employer's disability-insurance plan. Under ERISA, this Court's review of the denial is based on the administrative record compiled below, and the parties agree the Court should apply an arbitrary-and-capricious or abuse-of-discretion standard of review in this matter. *See Hall v. Unum Life Ins. Co. of America*, 300 F.3d 1197, 1201 (10th Cir. 2002) (where plan administrator's decision is reviewed for abuse of discretion, rather than being subjected to de novo review, the review is limited to the administrative record – the materials compiled by the administrator in the course of making her decision). The problem in this case is that the parties disagree as to what, exactly, should comprise the administrative record the Court should review.

---

[1] Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*

Put succinctly, the issue is as follows: the plan administrator, Marilyn Martin, submitted an affidavit indicating she had considered 311 pages of documents in reaching her decision to deny Plaintiff's application for benefits. [Doc. 25] Plaintiff points out that she submitted 158 additional pages of documents for Ms. Martin's review during the appeal process, and argues these 158 additional pages should be added to the administrative record.[2] Defendant, on the other hand, contends the pages should not be added to the record because almost all of the documents were reviewed by Dr. Barrie Ross, who performed an independent medical examination ("IME") of Plaintiff, and upon whose opinion Ms. Martin relied when she decided to reject Plaintiff's appeal and deny her application for benefits.

Defendant points out that when review is limited to the administrative record, that record should be supplemented only in unusual or exceptional circumstances. However, this rule applies only when a party seeks to supplement the record with material that was not presented to the plan administrator during the review process. *See, e.g., Sandoval v. Aetna Life and Cas. Ins. Co.*, 967 F.2d 377, 380 (10th Cir. 1992) (court reviewing plan administrator's decision should not consider evidence or arguments that were not before the administrator at the time the decision was made). This case, on the other hand, involves material that was actually submitted to the plan administrator for her consideration during the review process.[3]

The Court will grant the motion to add this material to the administrative record for two reasons. First, there is conflicting information in the record as to whether Ms. Martin actually did

---

[2]The process below was an appeal process because Plaintiff's application was denied at the first level of decision-making, and Ms. Martin was reviewing Plaintiff's appeal of that initial decision.

[3]The Court notes that Defendant has not challenged Plaintiff's statement that this material was submitted to Ms. Martin before she made her decision. Therefore, the Court accepts this statement as true for purposes of this opinion.

review and consider the additional 158 pages of material. Although her affidavit and the attachments thereto indicate she did not do so, in her letter decision to Plaintiff's counsel she specifically stated that in reaching the decision, "I have reviewed all documentation in Ms. Medina's file, including documentation provided for the purpose of appeal." [Doc. 25, Exh. 4] Presumably "all documentation in Ms. Medina's file" included the 158 additional pages that Plaintiff submitted to Ms. Martin during the appeal process. Since Defendant, not Plaintiff, is in control of the administrative record, for purposes of this opinion the Court will resolve this factual conflict in Plaintiff's favor and will assume Ms. Martin did in fact review the additional material and that her failure to include it in her attachments to her affidavit was an oversight.

The second reason the Court will grant Plaintiff's motion is that, if Ms. Martin did not in fact review the 158 additional pages submitted to her during the appeal process, her failure to do so could possibly rise to the level of an abuse of discretion. According to the applicable regulation, the appeal process conducted by Ms. Martin must provide for a full and fair review of the initial denial of benefits, and this full and fair review must take into account "all comments, **documents, records, and other information** submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination." 29 C.F.R. § 2560-503-1(h)(2)(iv) (emphasis added). The plan administrator is under an obligation to review all relevant material submitted by a claimant, in order to ensure that the claimant receives the full and fair review to which she is entitled. *See, e.g., Kalish v. Liberty Mutual/Liberty Life Assur. Co. of Boston*, 419 F.3d 501, 511 (6th Cir. 2005) ("The administrative record in an ERISA case includes all documentation submitted during the administrative appeals process because this information was necessarily considered by the plan administrator in evaluating the merits of the claimant's appeal."). The plan administrator must gather evidence and give consideration to the evidence submitted by

3

the claimant before making a decision on the claimant's appeal. *See Jewell v. Life Ins. Co. of North America*, 508 F.3d 1303, 1308 (10th Cir. 2007) (when an individual makes a claim for benefits under a plan, the administrator gathers evidence, including the evidentiary submissions of the claimant, and determines whether to grant benefits).

Defendant's argument that Ms. Martin could simply rely on the opinion of Dr. Ross, rather than reviewing the documents herself, is not persuasive. A plan administrator should review all of the evidence submitted to her, because that evidence could under certain circumstances give her some basis for determining whether a doctor's opinion (even that of an independent consultant such as Dr. Ross) appears to be persuasive or might have serious flaws. *Cf. Williams v. Aetna Life Ins. Co.*, 509 F.3d 317, 324-25 (7th Cir. 2007) (finding that claimant received a full and fair review of his appeal because the plan administrator did not rely solely on the medical consultant's report, but conducted her own review of claimant's medical records and history).[4] The Court does not intend to imply that in this particular case the omitted 158 pages might somehow undermine the opinion given by Dr. Ross; the Court has not reviewed those pages, or the rest of the administrative record, at this point of the proceedings. Instead, it will be up to the parties to argue the significance of the material that Ms. Martin might, or might not, have omitted in conducting her review of Plaintiff's appeal.

Based on the foregoing discussion, Plaintiff's motion to supplement the administrative record will be granted. The factual conflict discussed in this opinion, regarding what material Ms. Martin

---

[4] Of course, as Defendant argues, a plan administrator will most likely not have the medical expertise to understand parts of the medical records, or to override a doctor's opinion as to the meaning of those records. However, review of the records could reveal inconsistencies that are apparent even to a layperson, such as the failure to address or consider medical conditions that might appear in the records but not in the doctor's report. In any event, a plan administrator cannot simply abandon the issue of disability to a doctor, even an independent consultant, and leave it at that, especially if there are conflicting opinions in the record.

did or did not consider in reviewing Plaintiff's appeal, raises an issue that must be resolved by the parties or the Court – how to determine whether Ms. Martin actually reviewed the 158 pages omitted from her affidavit attachments, and the significance for this case if she did not do so. The Court will initially leave it to the parties and the assigned Magistrate Judge to decide the best means of resolving that conflict. In addition, as the Court currently understands the situation, the parties will have only fifteen (15) days from the filing of this memorandum opinion and order in which to file dispositive motions. [Doc. 30] Given the potential new issue raised in this opinion and the necessity of resolving it, the parties may wish to request an extension of that deadline from the Magistrate Judge.

## ORDER

A Memorandum Opinion having been filed on this date, it is hereby ORDERED that Plaintiff's motion to supplement the administrative record in this case (Doc. 21) be, and hereby is, GRANTED.

Dated this 19th day of June, 2008.

_____
BRUCE D. BLACK
United States District Judge